

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00079-CV

IN THE INTEREST OF M.V., A CHILD

On Appeal from the County Court at Law No. 1
Randall County, Texas
Trial Court No. 71,634-L1, Honorable Jack M. Graham, Presiding

June 27, 2018

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

S.C., father of M.V., appeals from an order terminating his parental rights to M.V. Through two issues, he contends the evidence was neither legally nor factually sufficient to support the statutory grounds for termination. We affirm.

The pertinent standards of review are those discussed in *In re J.F.C.,* 96 S.W.3d 256, 266 (Tex. 2002) and *In re C.F.M.,* 07-17-00436-CV, 2018 Tex. App. LEXIS 3058, at *3-4 (Tex. App.—Amarillo, May 1, 2018, no pet.) (mem. op.). We forego discussion of the standards here and, instead, refer the litigants to those opinions for an explanation of them.

Next, the statutory grounds for termination found to exist by the trial court included §§ 161.001(b)(1)(D) and (E). Per the former, termination may occur when the parent knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endangered the physical or emotional well-being of the child. TEX. FAM. CODE ANN. § 161.001(b)(1)(D) (West Supp. 2017). Per the latter, termination may occur when the parent engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangered the physical or emotional well-being of the child. *Id.* § 161.001(b)(1)(E). Evidence illustrating the existence of either ground would obligate us to affirm the trial court's decision here. *See In re C.F.M.*, 2018 Tex. App. LEXIS 3058, at *7 (stating that proof of only one statutory ground is required to support termination).

We address the evidence underlying § 161.001(b)(1)(D) first. The latter requires a showing that the environment in which the child was placed endangered the child's physical or emotional health. *In re X.S.*, No. 07-17-00422-CV, 2018 Tex. App. LEXIS 2735, at *12 (Tex. App.—Amarillo, Apr. 18, 2018, no pet.) (mem. op.). Furthermore, inappropriate, abusive, or unlawful conduct by persons living with the child or with whom the child is compelled to associate on a regular basis form part of the child's conditions and surroundings, *i.e.* environment. *Id.* And, within the scope of conduct affecting the child's environment and potentially endangering the child falls a parent's continuing use of drugs. *Id.* at *13.

Here, we have evidence illustrating that S.C. is the biological father of M.V. Within months of the child's birth in 2016, S.C. was arrested, tried, and convicted of possessing illegal narcotics; apparently, he was a heroin dealer. And, this 2016 conviction resulted in the assessment of an eighteen-year prison term, which he was serving at time of trial.

2

Though he denied using heroin himself, the record contains evidence illustrating that he used other intoxicants such as marijuana and alcohol. His use of alcohol also resulted in him engaging in violent activity directed at M.V.'s mother, M.

The aforementioned conviction was not S.C.'s only one, however. They included convictions for driving while intoxicated, assault, and engaging in terroristic threats and family violence.

S.C.'s 2016 arrest also resulted in M.V. being left with M. In addition to being the child's biological mother, she danced periodically at a local strip club, abused methamphetamine, and failed to maintain steady employment. All of these were circumstances about which S.C. knew. *See In re J.O.A.*, 283 S.W.3d 336, 346 (Tex. 2009) (mentioning a parent's willingness to permit the child to leave with another parent who used drugs as a circumstance endangering a child); *In re A.P.S.*, No. 07-11-00476-CV, 2012 Tex. App. LEXIS 4040, at *11-12 (Tex. App.—Amarillo, May 21, 2012, no pet.) (mem. op.) (mentioning the same). And, when asked if he knew where M. left the child, he not only replied in the negative but also said that she "was dropping her [M.V.] off anywhere she could." "Anywhere she could" included the abode of S.C.'s current wife (Step-Mom), whom he married while in prison. In at least one instance, M. left the child with Step-Mom for an extended period and without disclosing her whereabouts.

Step-Mom grew concerned about the child's situation and contacted the Department of Family and Protective Services. That was something S.C. neglected to do even though he 1) was in communication with people who could have done that for him and 2) believed M. could have done a better job parenting his only daughter. Nor did S.C. provide the child with financial support or arrange with others to support his child.

The child was placed with M.'s sister once the Department intervened. Furthermore, S.C. voiced surprise at the removal of the child from a home wherein the only remaining parent abused drugs, worked sporadically, and left the child "anywhere she could." M. eventually agreed to voluntarily end her parental relationship with M.V., and the child was left with no other parent to provide direct comfort and care, given S.C.'s continuing imprisonment.

The foregoing is ample evidence to enable a reasonable factfinder to form a firm belief or conviction that S.C. knowingly placed and allowed M.V. to remain in conditions or surroundings that endangered the child's physical or emotional well-being. This is true irrespective of whether one applies the legal or factual sufficiency standard of review. Indeed, S.C. was familiar with the unstable home environment to which M.V. was exposed and the deficient parenting skills of M.; yet, he did little to intercede or have others intercede on behalf of the child. Accordingly, the evidence was and is both legally and factually sufficient to support termination under § 161.001(b)(1)(D) of the Texas Family Code. So too would it support termination under subsection (E) of the same code.

We overrule the first issue involving subsections (D) and (E). Since our resolution of issue one disposes of the appeal, we need not address S.C.'s second issue. Accordingly, we affirm the order of termination.

Per Curiam

4